UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MANASSE, | |
| Petitioner, | Civil Action No. 15-4153 (JLL) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**LINARES**, District Judge:

Presently before the Court are the motions of Petitioner Mark Manasse seeking reconsideration of this Court's denial of his motion to vacate his sentence which are brought pursuant to Federal Rule of Civil Procedure 59(e). (ECF Nos. 17, 20). For the following reasons, this Court will deny Petitioner's motions.

## I. BACKGROUND

On or about June 8, 2015, Petitioner, Mark Manasse, filed a motion to vacate his sentence in which he argued that his trial counsel had been constitutionally ineffective insomuch as she had failed to adequately advise him regarding the plea deal he accepted and in failing to adequately investigate the facts underlying Petitioner's prosecution. (ECF No. 1). Petitioner also sought to raise a claim of ineffective assistance of appellate counsel based on counsel's failure to successfully oppose the Government's motion to dismiss his appeal based on the appellate waiver contained in his plea agreement. (*Id.*). This Court ordered an answer in July 2015, and the Government filed its response in October 2015. (ECF Nos. 3-4).

On or about October 30, 2015, Petitioner filed a reply to the Government's response. Although he suggests otherwise in his reply brief, Petitioner raised for the first time in his reply a

claim that his trial counsel had been ineffective for failing to raise a claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (decided June 26, 2015), challenging his career offender status. (ECF No. 6 at 2, 5-9). Even in his reply brief, however, it appears that Petitioner raised his *Johnson* claim only as a claim of ineffective assistance – that trial and appellate counsel had failed to raise a *Johnson* claim, and not as a stand-alone claim for relief, despite the fact that *Johnson* was decided only *after* Petitioner filed his original § 2255 motion. (*Id.*).

In any event, this Court ordered that a hearing be held on Petitioner's motion and appointed Maria D. Noto, Esq. to represent Petitioner at that hearing. (ECF Nos. 7-8, 10). Following several scheduling changes, that hearing was ultimately held on April 28, 2016. (ECF No. 13). At the start of the hearing, the following colloquy was conducted by this Court:

> THE COURT: All right. You all may be seated. I have received and reviewed [Petitioner's] motion pursuant to Section 2255. I scheduled an evidentiary hearing today because I felt [Petitioner] had raised enough of an issue with regard to this matter that a hearing was necessary.
>
> [Petitioner] originally in [his] application had made several arguments, one of which included his allegation that he was not properly informed with regard to his potential exposure prior to the plea or what would result [from] the plea, and that is why I needed to have an evidential hearing to make that determination.
>
> He also made other arguments with regard to the lack of some argument or investigations not having been made as part of his representation [by trial and appellate counsel].
>
> [Counsel for Petitioner], could you tell me the extent now of what you intend to pursue in connection with this matter, so I know whether or not the issues have been narrowed?
>
> [Counsel for Petitioner]: Yes, your Honor. We have narrowed the issues, and the only issue, which will be the subject of this hearing is the representations made to [Petitioner] by his attorney as to his exposure in the event that he entered a plea, a guilty plea, and actually the representation of the specific sentence he would receive.

> THE COURT: Okay. Are you waiving the other argument[s]? I just want to know the scope of –
>
> [Counsel for Petitioner]: Yes, your Honor. We are –
>
> THE COURT: – what I have to write in terms of an opinion.
>
> [Counsel for Petitioner]: – we are not pursuing any arguments regarding lack of investigation and the like. I have discussed that several times with [Petitioner], and I have provided him with my recommendations and my evaluation of those issues, and he has agreed with my recommendation that it would not be fruitful to pursue those areas.
>
> THE COURT: Okay. I will accept that representation from you in the presence of [Petitioner] and we will limit this hearing and the decision of the Court with regard to whether or not he was given certain representations with regard to his exposure, if he in fact pled guilty, in other words, what sentence he would get.
>
> [Counsel for Petitioner]: Yes, your Honor.

(ECF No. 13 at 4-6). Petitioner, through counsel, also expressly withdrew any claims he had against appellate counsel, stating as follows:

> [Counsel for Petitioner]: . . . your Honor[,] I reviewed the materials that had been submitted by [Petitioner] with regard to [appellate counsel], and it is my belief that [Petitioner's] complaints with regard to [appellate counsel] are more in the area of a fee dispute basically. He was contending that his family had paid for certain services that were not performed, so I don't see that as an ineffective assistance of counsel argument, but rather as, you know, the type of thing if it were in the state court, it would go to fee arbitration. I don't know how fee disputes are handled federally . . . . [but t]he services rendered by [appellate counsel] are not being pursued as part of this 2255 motion.

(*Id.* at 8-9). Petitioner in no way contradicted his counsel's statements that he wished to waive all of his other claims. This Court thus deemed Petitioner's other claims, including his *Johnson* ineffective assistance claim, waived and ultimately denied Petitioner's motion as the Court found

3

his assertions that counsel told him he would get a fifteen year sentence less credible than trial counsel's assertion that she properly advised Petitioner. (*See* ECF Nos. 14-15).

Following the grant of an extension, Petitioner file his motions for reconsideration of this Court's denial of his motion in November 2016. (ECF Nos. 17, 20). Petitioner also filed a notice of appeal. (ECF No. 19). The Court of Appeals has stayed his appeal pending the outcome of Petitioner's reconsideration motions. (ECF No. 21). In his reconsideration motions, Petitioner essentially asserts that he did not wish to waive his *Johnson* related claim, that his § 2255 motion counsel improperly advised him to waive his *Johnson* claim based on her ineffective assistance, and that he thus did not knowingly and intelligently waive his *Johnson* claim. (ECF Nos. 17, 20). In his amendment to his reconsideration motion, Petitioner also asserts, contrary to the colloquy recounted above, that he never in fact waived any of his claims. (ECF No. 20 at 2).

## II. DISCUSSION

### A. Legal Standard

The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). In this context, "'manifest injustice' 'generally . . . means that the Court overlooked some dispositive

factual or legal matter that was presented to it,'" or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)).

### B. Analysis

In his Rule 59(e) motion, Petitioner seeks to have this Court reconsider its decision denying his motion to vacate sentence based on his assertion that he did not knowingly waive his *Johnson* related claim, that he received ineffective assistance of counsel in relation to waiving that claim, and that this Court should permit further briefing on his *Johnson* claim. Turning first factually to Petitioner's assertion that his *Johnson* claim was not waived, this Court finds that assertion to be patently contradicted by the record. As the colloquy quoted above clearly demonstrates, Petitioner's counsel clearly waived <u>all</u> of Petitioner's § 2255 claims other than his claim that counsel promised to secure Petitioner a fifteen year sentence, which this Court has previously rejected on the merits. As Petitioner said nothing regarding counsel's decision to waive that claim, and did not seek to retract that waiver in the five months between the hearing in this matter and the Court's decision, it is clear that the claims Petitioner now seeks to re-raise were waived in open court in Petitioner's presence, and this Court did not err in concluding that those claims were no longer before the Court in issuing its opinion. Indeed, Petitioner himself admits in his initial reconsideration motion that appointed counsel "advised him that counsel was dropping . . . [Petitioner's] claim under *Johnson*" because she believed that claim was not worth pursuing. (ECF No. 17 at 2). Thus, it is clear that Petitioner knew that the claim was to be waived, was present when it was waived, and cannot now claim, as he attempts to do, that no waiver of his claim was

made at the hearing. Because Petitioner waived his *Johnson* claim, he cannot now seek to undo that waiver simply because the claim he chose to pursue did not bear fruit.

Moving beyond the factual issues with Petitioner's motion, Petitioner's assertion that he should be permitted to reopen his motion and proceed on a claim based on the ineffective assistance of appointed § 2255 counsel is without merit. A claim based on the alleged ineffectiveness of collateral-review counsel "is a nonstarter." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015). This is because there "is no constitutional right to an attorney in . . . post-conviction proceedings." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). As such, "a petitioner cannot claim constitutionally ineffective assistance of counsel in [a collateral] proceeding[,]" such as in the course of a § 2255 motion. *Id.* (quoting *Coleman*, 501 U.S. at 752). Thus, to the extent that Petitioner now wishes to raise a claim that his § 2255 counsel was ineffective, such a claim would be without a basis as he had no right to counsel in his collateral attack. *Id.* Thus, even if this Court were to assume that counsel gave him bad advice in deciding to withdraw his *Johnson* claim, that failing on counsel's part would offer Petitioner no recourse here.

Even were this Court to consider Petitioner's *Johnson* claim, Petitioner would still not be entitled to relief because of the way in which Petitioner raised that claim. First, the Court notes that, despite Petitioner's suggestion otherwise in his reply brief, Petitioner's *Johnson* claim was raised for the first time in reply, and Petitioner never sought to amend his actual § 2255 motion to include such a claim. "It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted" and that new arguments "cannot be raised for the first time in reply briefs." *See Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 778-80 (D.N.J. 2013); *see also Judge v. United States* 119 F. Supp. 3d 270, 284

(D.N.J. 2015) (basic fairness "requires that an opposing party have . . . fair notice of his adversary's claims, as well as an opportunity to address those claims" and courts may therefore reject claims raised for the first time in a reply brief in a § 2255 proceeding). Because Petitioner raised his *Johnson* claim for the first time in his reply, and because he thereafter withdrew that claim without having provided the Government with an opportunity to respond to that claim, this Court would be well within its authority to reject his claim for that reason. *See Judge*, 119 F. Supp. 3d at 284.

Putting aside this procedural issue for the moment, the Court notes that Petitioner also raised his *Johnson* claim not as a stand-alone claim for relief (i.e. asserting that Johnson warrants a re-sentencing or the like), but instead as part of a claim of ineffective assistance of trial and appellate counsel. In his reply brief, Petitioner appears to raise his *Johnson* claim as part of a claim that trial and appellate counsel should have challenged his criminal history category by arguing that his eluding charge did not qualify as a violent felony sufficient to trigger career offender status, and that they were thus ineffective in failing to do so. Counsel, however, cannot be ineffective in failing to predict a change in the law. *Doe*, 810 F.3d at 154; *see also Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996). As counsel could not reasonably be expected to foresee the Supreme Court's decision in *Johnson* altering the application of the Armed Career Criminal Act and, in turn, the career offender guidelines, trial and appellate counsel could not be ineffective in failing to raise such a claim at the time of Petitioner's trial and direct appeal. *Doe*, 810 F.3d at 154. Thus, Petitioner's *Johnson* claim, in the form that Petitioner chose to raise it, is not cognizable in any event as counsel could not have been ineffective in failing to raise challenges whose bases had not yet been recognized at the time of Petitioner's criminal matter. Thus, even if the Court were to ignore all of the procedural issues standing in the way of his claim, which the Court will not do,

Petitioner's *Johnson* claim would be without merit in the form he chose to raise it, and would not form a proper basis for relief.

Ultimately, Petitioner's motion for reconsideration is based on a series of faulty premises: that he did not withdraw his *Johnson* claim, that even if he did withdraw his claim that withdrawal forms a cognizable claim of ineffective assistance of § 2255 appointed counsel, and that his *Johnson* claim which was raised as a species of ineffective assistance of trial and appellate counsel was meritorious. All of these assertions are either factually incorrect or legally without merit. As such, this Court has not overlooked any dispositive factual or legal issues, and nothing before this Court suggests that the denial of Petitioner's Rule 59(e) motion would amount to a manifest injustice. As such, Petitioner's Rule 59(e) motion must be denied. *Blystone*, 664 F.3d at 415. Petitioner has likewise provided no pertinent facts which were not previously available to the Court, nor has he presented any intervening change in the law which occurred between this Court's decision on Petitioner's § 2255 motion and the filing of his reconsideration motions, and his motions must be denied for those reasons as well.[1]

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Rule 59(e) motions (ECF Nos. 17, 20) are DENIED. An appropriate order follows.

---

[1] To the extent that Petitioner contends that *Johnson* was a change in law, that change occurred in June 2016, shortly after the filing of Petitioner's original § 2255 motions. Both *Johnson* and *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (Apr. 18, 2016), which applied *Johnson* retroactively to cases on collateral review, were decided prior to this Court's decision in this matter and, indeed, prior to Petitioner's withdrawing of his claims at the April 28, 2016 hearing. Thus, although those cases were decided following Petitioner's filing of his motion, they were decided before the order Petitioner now challenges, and were not an intervening change in the law for Rule 59(e) purposes here.

8

_____
Hon. Jose L. Linares,
United States District Judge

...

_____
Hon. Jose L. Linares,
United States District Judge